No. 91-055

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

GARDNER C. WAITE,

      Plaintiff and Respondent,

    v.

DAVID ANDREASSI and
JEFFERSON Z. AMACKER,

      Defendants and Appellants.

FILED

JUL - 2 1991

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Larry W. Moran, Judge presiding.


COUNSEL OF RECORD:

      For Appellant Jefferson Z. Amacker:

          Stephen M. Barrett, Kirwan & Barrett,
          Bozeman, Montana

      For Respondent:

          H. A. Bolinger, Bolinger & Quist,
          Bozeman, Montana

Submitted on Briefs:  May 10, 1991

Decided: July 2, 1991

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Jefferson Amacker appeals from the order of the District Court of the Eighteenth Judicial District in Gallatin County, granting summary judgment to the plaintiff. We affirm the District Court.

The sole issue is whether the District Court erred when it concluded, as a matter of law, that the parties' subordination agreement did not constitute a novation which extinguished the original agreement between the parties.

In October 1984, David Andreassi and Jefferson Amacker purchased property in Manhattan, Montana from Gardner C. Waite. Andreassi and Amacker paid $5000 down and secured payment of the balance of $50,000 by executing and delivering a trust indenture note. The borrowers desired to remodel the property and sought a loan of $105,000 from American Federal Savings & Loan Association of Bozeman. American Federal informed the borrowers that it would not make the loan unless it had a first mortgage on the property. The borrowers persuaded Waite to subordinate his claims to that of American Federal, and a subordination agreement was executed by the parties.

The borrowers subsequently defaulted in their payments, and American Federal enforced the default provision of their note and sold the property. Waite then sued on the original promissory note. Default judgment was entered against Andreassi for failure to appear. Amacker answered, asserting affirmative defenses of accord and satisfaction and election of remedies. Motion for

2

summary judgement was made by Waite. In his brief in opposition to summary judgment, Amacker abandoned his accord and satisfaction defense in favor of a novation defense. He did not amend his answer to reflect that change.

The District Court ruled that Amacker's novation defense failed to meet both the statutory and common law criteria for novation, and that he had not amended his answer to plead novation as an affirmative defense. In addition, the court found that there was no new consideration for a novation, or an extinguishment of Waite's right to sue on the note. The court granted Waite's motion for summary judgment, and found Amacker and Andreassi jointly and severally liable for principal, interest, costs, and attorney fees. Amacker appeals from that judgment.

Amacker contends that the subordination agreement executed by the parties constituted a novation of the original promissory note. He states that the language contained within the subordination agreement clearly sets out the options available to Waite, and that Waite did not pursue them. The provision of the subordination agreement relied upon by the defendant reads in pertinent part:

> 4. COLLECTION OF THE CREDITOR'S CLAIMS. Borrowers shall have the right, at any time, to pay all or part of the debt owed by them to Creditor provided that American Federal Savings and Loan consents, in writing, to such payment. On or after April 1, 1988, Creditor shall have the right, upon ninety (90) days notice to Borrowers, to demand payment in full of Borrowers' debt to Creditor and, in the event such payment is not made, to (1) assume Borrowers' existing indebtedness to American Federal Savings and Loan or, in the alternative, to (2) pay the debt owed by Borrowers to American Federal Savings and

3

Loan; provided that, in either event, Borrowers shall have no further interest in the above-described real property and Borrowers' interest shall vest in Creditor.

A novation is the substitution of a new obligation between the same parties with intent to extinguish the old obligation. Section 28-1-1502(1), MCA. The subordination agreement executed by the parties does not disclose any intent by the parties to extinguish the old obligation. In fact, other terms in the contract make it clear that the parties' intent was to the contrary. Paragraph 13 provided as follows:

> 13. PAYMENT OF DEBT OWED CREDITOR. Creditor and Borrowers agree that the debt owed Creditor by Borrowers shall be due and payable on April 1, 1988, or any time thereafter, as provided in paragraph 4, but, in no event, shall payment in full be made later than one year after all claims of American Federal Savings & Loan are paid in full.

Paragraph 13 preserves defendants' obligation to pay the balance due under the original note, even after American Federal was paid in full.

As we stated in Harrison et al. v. Fregger et al., 88 Mont. 448, 454, 294 P. 372, 373 (1930):

> In order to effect a novation there must be a clear and definite intention on the part of all concerned that such is the purpose of the agreement, for it is a well-settled principle that novation is never to be presumed * * * ; the point in every case, then, is, did the parties intend by their arrangement to extinguish the old debt or obligation and rely entirely on the new, or did they intend to keep the old alive and merely accept the new as further security, and this question of intention must be decided from all of the circumstances.

4

The defendant contends that since the parties submitted conflicting affidavits regarding what they intended by the subordination agreement, there was an issue of fact which should have been decided by a jury. However, § 28-3-303, MCA, provides in relevant part that "[w]hen a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone if possible . . . ."

In this case, it was possible for the District Court to determine the intention of the parties from the terms of the subordination agreement itself. A review of that agreement reveals no genuine issue of material fact, and accordingly, Waite was entitled to a judgment as a matter of law.

We affirm the judgment of the District Court.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

5

July 2, 1991

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Stephen M. Barrett
Kirwan & Barrett
P.O. Box 1348
Bozeman, MT   59771-1348

H. A. Bolinger
Bolinger & Quist
P.O. Box 1047
Bozeman, MT   59715

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy